**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wesco Insurance Company, | No. CV-17-01523-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| AAA Cab Service Incorporated, et al., | |
| Defendants. | |

  Wesco Insurance Company ("Wesco") and Atain Specialty Insurance Company ("Atain") each issued insurance policies to AAA Cab Service Incorporated ("AAA"). Wesco brought this action seeking a declaratory judgment that it had no duty to defend or indemnify AAA in an action then pending in Maricopa County Superior Court ("the Underlying Action"). (Doc. 44.) AAA had tendered its defense to both Wesco and Atain, and each accepted under a reservation of rights, with Wesco participating in AAA's defense through the same law firm Atain assigned. The Underlying Action settled while the Court had under advisement cross-motions for summary judgment regarding Wesco's duty to defend. The Court ultimately granted summary judgment for Wesco, concluding that it had no duty to defend or indemnify AAA because the Underlying Action did not allege even the potential for coverage under the insurance policy Wesco issued. (Doc. 116.)

  Subsequently, Atain filed an amended counterclaim against Wesco for equitable subrogation, alleging that, although Wesco agreed to participate in AAA's defense under

a reservation of rights, Wesco did not pay towards AAA's defense costs or contribute to the settlement reached, and Atain consequently paid more to settle the Underlying Action that it would have otherwise. (Doc. 170.) Atain seeks a declaration that Wesco had a duty to defend AAA up until the Court issued its summary judgment ruling, and Atain is entitled to recover from Wesco an equitable amount of the defense fees and costs and settlement amounts Atain paid to resolve the Underlying Action against AAA.

Wesco has moved to dismiss Atain's amended counterclaim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim to relief. (Doc. 178.) Dismissal is appropriate where a claim is not based on a cognizable legal theory or lacks sufficient facts to state a plausible claim under an otherwise cognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The motion is fully and adequately briefed (Docs. 179-180), and oral argument is unnecessary. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f); *Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991). Wesco's motion will be granted.

"Under the principle of equitable subrogation, the insurer which has performed the duty to provide a defense to its insured should be able to compel contribution for a share of the cost of defense from another insurer who had a similar obligation to the same insured but failed to perform it." *National Indem. Co. v. St. Paul Ins. Co.*, 724 P.2d 544, 545 (Ariz. 1986). Atain's claims to declaratory and equitable relief are based on the premise that Wesco, upon acceptance of AAA's tender (albeit under a full reservation of rights), had a similar obligation to defend AAA. This premise is misguided. The duty to defend does not arise from the tender of *any* claim. Rather, "[t]he duty to defend arises upon the tender of *a potentially covered claim* and lasts until it has been shown that no coverage exists." *James River Ins. Co. v. Schenk*, No. CV-05-1213-PHX-FJM, 2006 WL 798700, at *1 (D. Ariz. Mar. 28, 2006) (citing *Scottsdale Ins. Co. v. MV Transp.*, 115 P.3d 460, 466 (Cal. 2005)) (emphasis added). When the duty, having arisen from the tender of a potentially covered claim, "is extinguished by a showing that no claim can in fact be covered, it is

extinguished only prospectively and not retroactively." *See Scottsdale*, 115 P.3d at 466 (quotations and citations omitted).[1] But if an insured tenders to an insurer a claim that is not even potentially covered, the duty to defend does not arise in the first instance. *Id.*

In granting summary judgment for Wesco, the Court concluded that the Underlying Action did not allege even the potential for coverage. This conclusion was based solely on the complaint in the Underlying Action and the language of the Wesco insurance policy. Had the Underlying Action alleged the potential for coverage (triggering Wesco's duty to defend), but later-discovered information proved that no coverage, in fact, existed (extinguishing Wesco's duty to defend), then Atain's argument would carry the day. Under that scenario, Wesco's duty would have been triggered at the time of tender and prospectively extinguished at the time of the summary judgment order, and in the interim Wesco would have had a similar obligation to defend AAA in the Underlying Action. But that is not what happened. Here, the Underlying Action *at its inception* did not allege even the potential for coverage under the Wesco insurance policy, meaning Wesco's duty to defend was never triggered. As such, Wesco never had a similar obligation to defend AAA, which is fatal to the theory underlying Atain's counterclaim. Therefore,

**IT IS ORDERED** that Wesco's motion to dismiss Atain's amended counterclaim (Doc. 178) is **GRANTED**.

Dated this 3rd day of March, 2021.

Douglas L. Rayes
United States District Judge

---

[1] *Scottsdale* is a California decision, but it was cited favorably by this Court in *James River* and Atain does not argue that *Scottsdale*'s discussion of these general principles is inconsistent with Arizona law. To the contrary, both parties argue that *Scottsdale* supports their positions.