**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wesco Insurance Company, | No. CV-17-01523-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| AAA Cab Service Incorporated, et al., | |
| Defendants. | |

Atain Specialty Insurance Company ("Atain"), Wesco Insurance Company ("Wesco"), and Scottsdale Indemnity Company's ("Scottsdale") are insurance companies now before the Court trying to determine who owes what to whom in the aftermath of Antonio Graciano's death. Those underlying facts are recited in the Court's March 3, 2021 order. (Doc. 183.) Relevant here, however, is the Court's September 30, 2019 order concluding that Wesco had no duty to defend its insureds for the cause of Mr. Graciano's death. (Doc. 116.) After that order, Wesco filed a third amended complaint to pursue reimbursement for payments it made in defense of its insureds, alleging three claims against Atain and Scottsdale: equitable indemnification, equitable subrogation, and contribution. (Doc. 152.) Atain and Scottsdale filed motions for summary judgment, and Wesco countered with its own. (Docs. 196, 199, 208.) The motions are fully briefed. (Docs. 198, 200, 204, 206, 209, 210.) For the following reasons, the Court grants Atain and Scottsdale's motions and denies Wesco's motion.

**I. Legal Standard**

Summary judgment is appropriate when there is no genuine dispute as to any material fact and, viewing those facts in a light most favorable to the nonmoving party, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case, and a dispute is genuine if a reasonable jury could find for the nonmoving party based on the competing evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

**II. Discussion**

    **A. Equitable Indemnification**

In its first claim, Wesco seeks to recover amounts it contributed to settle the Underlying Litigation under an equitable indemnification theory. (Doc. 152 at 7.) "In Arizona, the plaintiff in a common law indemnity action generally must show: (1) it discharged a legal obligation owed to a third party; (2) for which the indemnity defendant was also liable; and (3) as between the two, the obligation should have been discharged by the indemnity defendant." *KnightBrook Ins. Co. v. Payless Car Rental Sys. Inc.*, 409 P.3d 293, 295 (2018) (cleaned up). Notably, the plaintiff must have an "actual obligation" to the third party to sustain an equitable indemnity claim. *Id.* at 296. The Arizona Supreme Court explicitly excludes a "supposed obligation" as grounds for an equitable indemnity claim. *Id.*

Here, Wesco cannot show that it discharged an actual obligation. To the contrary, Wesco previously sought and the Court previously granted a declaration that Wesco had "no duty to defend or indemnify its insured." (Doc. 116 at 8.) As the Arizona Supreme Court notes, nothing less than an actual obligation can propel an equitable indemnity action. *KnightBrook*, 409 P.3d at 296. Atain and Scottsdale are entitled to judgment as a matter of law.

### B. Equitable Subrogation

Recovery under an equitable subrogation theory requires, among other things, that the plaintiff be obliged to defend the insured. *See National Indem. Co. v. St. Paul Ins. Co.*, 724 P.2d 544, 545 (Ariz. 1986). "Any legal or moral obligation to pay" or "an agreement for subrogation or an assignment of the debt" can ground that duty to pay. Even "a potentially covered claim" can create a duty to pay. *James River Ins. Co. v. Schenk*, No. CV-05-1213-PHX-FJM, 2006 WL 798700, at *1 (D. Ariz. Mar. 28, 2006) (citing *Scottsdale Ins. Co. v. MV Transp.*, 115 P.3d 460, 466 (Cal. 2005)) (emphasis added). But a claim that is not even potentially covered does not create a duty to defend. *See Scottsdale*, 115 P.3d at 466.[1] Absent such a duty, an insurer who nevertheless defends the insured is a volunteer and "is not entitled to subrogation." *Sourcecorp, Inc. v. Norcutt*, 258 P.3d 281, 287 (Ariz. Ct. App. 2011), (2012) (quoting *Mosher v. Conway*, 46 P.2d 110, 114 (Ariz. 1935).

This Court has already ruled that "the Underlying Action did not allege even the potential for coverage." (Doc. 183.) Wesco never had a duty to defend its insured and therefore made payments as a mere volunteer. It is not entitled to subrogation. Atain and Scottsdale are entitled to judgment on claim two.

### C. Contribution

Wesco presses its third claim, contribution, only against Atain. Arizona law requires, among other things, that a contribution plaintiff show it and the contribution defendant insured the same risk. *Am. Cont'l Ins. Co. v. Am. Cas. Co. of Reading, Pa.*, 903 P.3d 609, 611 (Ariz. Ct. App. 1995); *see also Cont'l Cas. Co. v. Signal Ins. Co.*, 580 P. 2d 372, 374 (Ariz. Ct. App. 1978) ("In order for there to be contribution among insurers, the interest, as well as the risk and the subject matter, must be identical." (citing *Great West Casualty Company v. Truck Ins. Exchange*, 358 F.2d 883, 886 (10th Cir. 1966))). It is undisputed that Wesco insured commercial auto risks and that Atain insured against

---

[1] *Scottsdale* is a California decision, but it was cited favorably by this Court in *James River* and both parties have argued in previous filings that *Scottsdale* supports their positions.

"'bodily injury' or 'property damage' to which this insurance applies," essentially commercial general liability coverage. Because they did not insure the same risks, Wesco's contribution claim against Atain fails as a matter of law.

### III. Conclusion

Wesco's three claims fail as a matter of law. Therefore,

**IT IS ORDERED** that Atain Specialty Insurance Company's and Scottsdale Indemnity Company's motions for summary judgment (Docs. 196 and 208) are **GRANTED**.

**IT IS FURTHER ORDERED** that Wesco Insurance Company's motion for summary judgment (Doc. 199) is **DENIED**.

**IT IS FURTHER ORDERED** that, within **14 days** of the date of this order, the parties submit a joint status report apprising the Court of the status of this litigation in light of this order.

Dated this 18th day of March, 2022.

Douglas L. Rayes
United States District Judge